■ KONINKLIJKE AHOLD, N.V., et al., Respondents, v SMG-II HOLDINGS CORP., Appellant. [736 NYS2d 594] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 7, 2000, which, in an action seeking a declaration that the "best efforts" provisions in the parties' merger agreement are unenforceable, or, in the alternative, that plaintiff complied with such provisions, denied, as academic, defendant's motion for summary judgment declaring that the best efforts provisions are enforceable, and granted plaintiff's cross motion for summary judgment dismissing defendant's counterclaim for breach of contract alleging plaintiff's failure to use its best efforts, unanimously affirmed, without costs.

Defendant's counterclaim for damages based on plaintiff's failure to use its best efforts to consummate the merger was properly dismissed on the ground that defendant failed to

submit any evidence countering plaintiff's prima facie showing, made on its cross motion to dismiss the counterclaim, that it had used such best efforts. The attorney's affirmation that defendant now argues raises an issue of fact as to whether plaintiff had used its best efforts was submitted not in opposition to plaintiff's cross motion, which addressed the factual issue of whether plaintiff had used its best efforts, but in support of defendant's main motion, which addressed the legal issue of whether the best efforts provisions are enforceable, and was not based on personal knowledge or otherwise probative of plaintiff's efforts to procure the regulatory approvals and satisfy the other requirements necessary to consummate the merger. The affiant's participation in the drafting of the merger agreement does not tend to show that he has any knowledge of plaintiff's subsequent efforts. Nor did plaintiff's refusal to extend the closing date of the agreement amount to a bad-faith breach thereof, given its compliance with the best efforts provisions and the express right to terminate if the closing was not held by a certain date. Under the circumstances, the motion court properly declined to address the claim for declaratory relief as to the enforceability of the subject provisions. We have considered defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.